**KRUEGER ASSOCIATES, INC.,** individually and Trading as National Fulfillment Services, Plaintiff,

v.

**ADT SECURITY SYSTEMS,** Mid–South, Inc., and ADT Security Systems, Inc., Defendants,

v.

Eugene **KRUEGER** and Samuel Mendicino, individually and d/b/a/ as Holmes Corporate Center and Holmes Industrial Office Center, Third–Party Defendants.

Civil Action No. 93–1040.

United States District Court, E.D. Pennsylvania.

July 8, 1998.

John M. Elliott, Adam B. Krafczek, Jr., Timothy T. Myers, Gerald Lawrence, Jr., Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Richard K. Hohn, Gallagher, Reilly and Lachat, P.C., Philadelphia, PA, for Krueger Associates, Inc.

Jeremy D. Mishkin, John Ehmann, Montgomery, McCracken, Walker & Rhoads, Philadelphia, PA, for American District Telegraph Co. of Pennsylvania and ADT Security Systems Inc.

Timothy T. Myers, Elliott, Reihner, Siedzikowsky and Egan, P.C., Blue Bell, PA, Jeffrey B. McCarron, Philadelphia, PA, Michael J. Hynes, Swartz, Campbell & Detweiler, Philadelphia, PA, for Eugene Krueger, Holmes Corporate Center and Holmes Industrial Office Center.

Jeffrey B. McCarron, Philadelphia, PA, Michael J. Hynes, Swartz, Campbell & Detweiler, Philadelphia, PA, for Samuel Mendicino, Holmes Corporate Center and Holmes Industrial Office Center.

*MEMORANDUM*

ROBERT F. KELLY, District Judge.

This action arises out of a fire that occurred on February 4, 1992, which destroyed the offices leased by Plaintiff Krueger Associates, Inc., individually and trading as National Fulfillment Services, ("Plaintiff"). Plaintiff maintains that the fire protection system installed and serviced by Defendants, ADT Security Systems, Mid–South, Inc. and ADT Security Systems, Inc. ("Defendants" or "ADT") failed to promptly detect the fire and notify the proper authorities in a timely fashion. Third–Party Defendants, Eugene Krueger and Samuel Mendicino, individually and doing business as Holmes Corporate Center and Holmes Industrial Office Center (collectively "Holmes Corporate Center" or "Third–Party Defendants") own the office facility leased to Plaintiff. Presently before the Court is Plaintiff's Motion for Summary Judgment. For the reasons that follow, that Motion will be granted.

## I. BACKGROUND.

Plaintiff's Complaint was filed on February 26, 1993 and alleged strict liability (Count I), negligence (Count II), breach of implied warranties (Count III), strict liability -ultrahazardous activities (Count IV), fraud (Count V), and negligent misrepresentation (Count VI). Defendants answered the Complaint and filed a Counterclaim alleging tortious interference (Count I) and fraud (Count II). On August 11, 1993, this Court dismissed Count IV of the Complaint.

On October 7, 1993, Defendants filed a Third–Party Complaint against the owners of the office facility. The Third–Party Complaint alleges breach of contract (Count I), seeks a defense and indemnification for the suit filed by Plaintiff (Count II), alleges tortious interference with contractual relations (Count III), and fraud and misrepresentation (Count IV). Third–Party Defendants answered the Third–Party Complaint and filed a Crossclaim against Plaintiff seeking indemnification pursuant to the lease between them. Plaintiff answered and asserted a Crossclaim against Third–Party Defendants likewise seeking indemnification pursuant to the lease.

On December 20, 1994, Summary Judgment was granted in favor of ADT on Counts I and II of the Third–Party Complaint, thus, Third–Party Defendants were directed to defend and indemnify ADT. Also, on December 20, 1994, Third–Party Defendants' Motion for Summary Judgment against Plaintiff was denied. On October 2, 1996, Summary Judgment was granted in favor of ADT on all of Plaintiff's remaining claims.

Plaintiff and Third–Party Defendants appealed those decisions and, on June 23, 1997, The Third Circuit Court of Appeals dismissed those appeals for lack of jurisdiction. The Appellate Court noted that the following issues precluded appeal: (1) quantification of the amount of attorney's fees recoverable by ADT pursuant to its contract with Holmes Corporate Center; (2) Plaintiff's Crossclaim for indemnification pursuant to the lease; (3) ADT's Counterclaim against Plaintiff; and (4) Counts III and IV of ADT's Third–Party Complaint.

The parties collectively wish to have all issues finalized in order to seek review by the Third Circuit Court of Appeals. A status conference was held on June 29, 1998. At that time it was decided that affidavits regarding quantification of attorneys' fees would be submitted by ADT and Third–Party Defendants. To facilitate matters ADT has voluntarily dismissed its Counterclaim and its Third–Party Complaint. Thus, Third–Party Defendants' Crossclaim for indemnification pursuant to the lease agreement must be decided. That issue was briefed by the parties in the outstanding Motion for Summary Judgment and is addressed below.

## II. STANDARD.

Summary Judgment is proper "if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(C); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*

*v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Then, the non-moving party must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(C). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987).

## III. DISCUSSION.

█ Plaintiff argues that, as a matter of law, it has no duty to defend or indemnify Holmes Corporate Center's liability to ADT pursuant to the lease agreement. The lease agreement between Plaintiff and Holmes Corporate Center provides in relevant part:

> Lessee shall defend, indemnify and hold harmless Lessor from and against any and all claims, demands, suits, damages, liability and costs (including counsel fees and expenses) arising out of or in any manner connected with any act or omission, negligent or otherwise of Lessee, third persons, or any of their agents, servants or employees which arise out of or are in any way connected with the erection, maintenance, use, operation, existence or occupation of the Demised Premises, hallways, entranceways, stairs and the streets, driveways, alleys, lawns, sidewalks and curbs adjacent thereto including those resulting from any work in connection with the alterations, changes, new construction or demolition.

Plaintiff argues that it is entitled to Summary Judgment on Third-party Defendants' Crossclaim for indemnification because the lease requires indemnification only for liability of Holmes Corporate Center that arises out of ownership of the rental property. Plaintiff contends that Holmes' liability to ADT does not arise out of ownership of the property, but arises out of the ADT–Holmes contract. Plaintiff argues that, as a matter of law, it should not be required to indemnify Holmes' contractual undertakings with ADT.

Third–Party Defendants oppose Plaintiff's Motion for Summary Judgment by arguing that the lease requires Plaintiff to defend and indemnify Holmes Corporate Center in the event it is sued for the negligence of a third party, here ADT. Further, Third–Party Defendants contend that because the fire was predicated on use and occupancy of the property, they are entitled to a defense and indemnification from Plaintiff under the terms of the lease.

█ Under Pennsylvania law, to enforce a contract of indemnification it must (1) not contravene public policy; (2) relate only to the contracting parties while excluding matters of public interest; (3) result from the equal bargaining power of both parties; and (4) clearly state "that the beneficiary is relieved of liability only for his/her own negligence." *Valhal Corp. v. Sullivan Assoc., Inc.,* 44 F.3d 195, 202 (3d Cir.1995). An indemnification agreement "must be construed strictly and the contract must state the intention of the parties with the greatest particularity." *Id.* Any ambiguity in the contract must be construed against the party seeking indemnification. *Id.* (*citing Topp Copy Products, Inc. v. Singletary,* 533 Pa. 468, 626 A.2d 98, 99 (1993)).

I find that Plaintiff is not required to indemnify Third–Party Defendants. Third–Party Defendants have not been sued for the negligence of a third party. Rather, ADT's suit against Third–Party Defendants is based on a breach of the ADT–Holmes Agreement. Third–Party Defendants contract with ADT, and therefore their liability to ADT, does not "arise out of" nor is it "in any way connected with the erection, maintenance, use, operation, existence or occupation of the Demised Premises." Further, Third–Party Defendants are not liable to ADT for causing the fire. For this reason, the origin of the fire is irrelevant to the issue of indemnification between Plaintiff and Third–Party Defendants. The lease does not require Plaintiff to indemnify Holmes Corporate Center in this situation.

An Order follows.

### ORDER

AND NOW, this 8th day of July, 1998, upon consideration of Plaintiff's Motion for Summary Judgment and Third–Party Defen-

dants Response thereto, it is hereby OR-DERED that said Motion is GRANTED. It is further ORDERED that Defendants' Counterclaim and Third–Party Complaint are voluntarily DISMISSED.